## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SHAHIN HASSANPOUR and | § | |
| A Class of Similarly Situated Persons, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | No.  3:17-cv-270 |
| | § | |
| DONALD TRUMP, President of the | § | |
| United States; U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY ("DHS"); | § | |
| U.S. CUSTOMS AND BORDER | § | |
| PROTECTION ("CBP"); JOHN KELLY, | § | |
| Secretary of DHS; KEVIN K. | § | |
| MCALEENAN, Acting Commissioner of | § | |
| CBP; and CLEATUS P. HUNT, JR., | § | |
| Dallas/Ft. Worth International Airport | § | |
| Port Director, CBP, | § | |
| | § | |
| Respondents. | § | |

## CLASS PETITION FOR WRIT OF HABEAS CORPUS AND
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This class habeas petition is filed by Petitioner Shahin Hassanpour and others similarly situated immigrant and nonimmigrant visa holders who are detained by Respondents at the Dallas/Ft. Worth International Airport ("DFW") pursuant to the President's January 27, 2017 executive order and who were coerced into withdrawing their applications for admissions. Although a federal court has enjoined Respondents from removing Petitioner and class members, Petitioner is concerned that Respondents will disregard the nationwide stay on the ground that Petitioner and class members involuntarily withdrew their applications for admission and waived their statutory and constitutional rights.  This class petition is filed to safeguard Petitioner's and class members' constitutional and statutory rights.

Petitioner Shahin Hassanpour is a 70 year-old Iranian national who landed in the Dallas/Ft. Worth International Airport ("DFW") on or about January 28, 2017.   In September 2016, the United States Department of State (DOS) approved Ms. Hassanpour's application for an immigrant visa to come and live in the United States.   Her United States citizen son had petitioned for her to immigrate to the United States as a permanent resident.   Prior to the issuance of her visa, the DOS reviewed Ms. Hassanpour's criminal and immigration background and found her eligible for an immigrant visa.

On or about January 28, 2017, Ms. Hassanpour and other similarly situated immigrant and nonimmigrant visa holders landed in the United States at the DFW Airport and presented themselves for inspection and admission.   U.S. Customs and Border Protection (CBP) blocked Ms. Hassanpour and class members from exiting DFW Airport even though they presented valid entry documents.   CBP continues to detain Ms. Hassanpour and class members and deny them admission.   CBP is holding Ms. Hassanpour and class members at DFW Airport solely pursuant to an executive order issued by President Donald Trump on January 27, 2017.

Because the executive order is unlawful as applied to Ms. Hassanpour and class members, their continued detention and the denial of admission based solely on the executive order violates their Fifth Amendment procedural and substantive due process, violates the First Amendment Establishment Clause, is ultra vires under the immigration statutes, and violates the Administrative Procedure Act and Religious Freedom Restoration Act.   Further, Ms. Hassanpour's and class members continued unlawful detention is part of a widespread policy, pattern and practice applied to many refugees and arriving noncitizens detained after the issuance of the January 27, 2017 executive order.   Therefore, on behalf of herself and a class of similarly situated immigrant and nonimmigrant holders, Ms. Hassanpour respectfully applies to this Court

for a writ of habeas corpus to remedy their unlawful detention, and for declaratory and injunctive relief to prevent such harms from recurring.

## CUSTODY

1.      Ms. Hassanpour is in the physical custody of Respondent Cleatus P. Hunt, Jr., DFW International Airport Port Director, U.S. Customs and Border Protection, the Department of Homeland Security (DHS).  At the time of the filing of this petition, Petitioner is detained at the DFW Airport.  Ms. Hassanpour is under the direct control of Respondents and their agents.

2.      Class members are immigrant and nonimmigrant holders who are from Iran, Iraq, Syria, Yemen, Somalia, Sudan or Libya,  who are detained at DFW Airport pursuant to the January 27, 2017 executive order, and who were coerced into withdrawing their applications for admission.

## JURISDICTION

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1361, 2241, 2243, and the Habeas Corpus Suspension Clause of the U.S. Constitution. This court has further remedial authority pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## VENUE

4.      Venue lies in the United States District Court for the Northern District of Texas, the judicial district in which Respondent Cleatus P. Hunt, Jr. resides and where Petitioner is detained.  28 U.S.C. § 1391(e).

5.      No petition for habeas corpus has previously been filed in any court to review Petitioner's case.

## PARTIES

6.      Petitioner Shahin Hassanpour is a national and citizen of Iran who was granted an immigrant visa so that she can come to the United States as a lawful permanent resident.  She is

detained by Respondents pursuant to President Trump's January 27, 2017 executive order.

7.     Class members are immigrant and nonimmigrant holders who are from Iran, Iraq, Syria, Yemen, Somalia, Sudan or Libya and who are detained at DFW Airport pursuant to the January 27, 2017 executive order and who were coerced into withdrawing their applications for admission.

8.     Donald Trump is the President of the United States and is charged with enforcing the immigration laws.  He is sued in his official capacity.

9.     The U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal government with the primary mission of securing the United States.

10.    U.S. Customs and Border Protection ("CBP") is an agency within DHS with the primary mission of detecting and preventing the unlawful entry of persons and goods into the United States.

11.    Respondent John Kelly is the Secretary of DHS.  Secretary Kelly has immediate custody of Petitioner.  He is sued in his official capacity.

12.    Respondent Kevin K. McAleenan is the Acting Commissioner of CBP. Acting Commissioner McAleenan has immediate custody of Petitioner. He is sued in his official capacity.

13.    Respondent Cleatus P. Hunt, Jr. is the Port Director of the Dallas/Ft. Worth International Airport.  He has immediate custody of Ms. Hassanpour.  He is sued in his official capacity.

## STATEMENT OF FACTS

### President Trump's January 27, 2017 Executive Order

14.     On January 20, 2017, Donald Trump was inaugurated as the forty-fifth President of the United States.   During his campaign, he stated that he would ban Muslims from entering the United States.

15.     On January 27, one week after his inauguration, President Trump signed an executive order entitled, "Protecting the Nation from Foreign Terrorist Entry into the United States," which is attached hereto as Exhibit A and is hereinafter referred to as the "EO."

16.     In statements to the press in connection with his issuance of the EO, President Trump stated that his order would help Christian refugees to enter the United States.

17.     Citing the threat of terrorism committed by foreign nationals, the EO directs a variety of changes to the manner and extent to which noncitizens may seek and obtain entry to the United States.   Among other things, the EO imposes a 120-day moratorium on the refugee resettlement program as a whole; proclaims that "that the entry of nationals of Syria as refugees is detrimental to the interests of the United States"; and therefore singles out Syrian refugees for an indefinite "suspension" on their admission to the country.

18.     Most relevant to the instant action is Section 3(c) of the EO, in which President Trump proclaims "that the immigrant and nonimmigrant entry into the United States of aliens from countries referred to in section 217(a)(12) of the INA, 8 U.S.C. 1187(a)(12), would be detrimental to the interests of the United States," and that he is therefore "suspend[ing] entry into the United States, as immigrants and nonimmigrants, of such persons for 90 days from the date of this order," with narrow exceptions not relevant here.

19.     There are seven countries that fit the criteria in 8 U.S.C. § 1187(a)(12): Iraq, Iran, Libya, Somalia, Sudan, Syria, and Yemen.   According to the terms of the EO, therefore, the "entry into

the United States" of noncitizens from those countries is "suspended" from 90 days from the date of the EO.

**Petitioner Hassanpour**

20.    Petitioner Shahin Hassanpour is a 70 year-old Iranian national who is Muslim.

21.    Ms. Hassanpour has a United States citizen son who petitioned for Ms. Hassanpour to immigrate to the United States as a lawful permanent resident.

22.    In September 2016, the State Department interviewed Ms. Hassanpour in connection with her application for an immigrant visa. After reviewing her application and investigating her criminal background, the State Department determined that Ms. Hassanpour qualified for an immigrant visa.  In issuing Ms. Hassanpour an immigrant visa, the State Department determined that Ms. Hassanpour was not a threat to this country's national security but rather that she was worthy of residing here permanently.

23.    On or about January 27, 2017, Ms. Hassanpour departed from Esfahan on Emirates Airlines.

24.    On or about January 28, 2017, Ms. Hassanpour landed at DFW Airport.

25.    Pursuant to the January 27, 2017 executive order, Respondents are not allowing Ms. Hassanpour to exit DFW Airport.

26.    Respondents are not permitting Ms. Hassanpour to meet with her attorneys who are in Dallas.  Her United States citizen son was at the DFW Airport ready to meet her.

27.    Ms. Hassanpour is an elderly woman who must take cancer and heart medication on a regular basis.  The long flight, the stress of detention, and the lack of her medication present unnecessary health risks to Ms. Hassanpour.

28.     Upon information and belief, Respondents coerced Ms. Hassanpour to withdraw her application for admission.  Respondents told Ms. Hassanpour that she would be permanently banned from the United States if she did not sign the form withdrawing her admission. Respondents did not translate or interpret the waiver form.  Ms. Hassanpour, however, does not speak English, has no knowledge of United States laws, and was denied the opportunity to communicate with her attorneys.

29.     Ms. Hassanpour has valid documents to enter the United States.  She was previously interviewed and investigated by the State Department.  The State Department and the U.S. Citizenship and Immigration Services previously determined that Ms. Hassanpour was not a national security risk.  Respondents are detaining Ms. Hassanpour solely because of her national origin and her religion as required by the January 27, 2017 executive order.

30.     Upon information and belief, Respondents intend to remove class members notwithstanding the nationwide stay issued in *Darweesh and Alshawi v. Trump et. al.*, Cause No. 17 Civ. 480 (AMD) in the U.S. District Court for the Eastern District of New York on January 28, 2017, relying upon the illegal waivers obtained from class members.

31.     Respondents' decisions to detain Ms. Hassanpour are not unlawfuland are capricious and arbitrary.  There is no better time for the Court to consider the merits of Ms. Hassanpour's request for release.

**Class**

32.     Class members are immigrant and nonimmigrant visa holders currently detained by Respondents at the DFW Airport.

33.     Class members are in the possession of entry documents that were lawfully issued by the State Department and/or the Department of Homeland Security.

34.     Prior to issuing entry documents to class members, the State Department and/or the Department of Homeland Security interviewed and investigated class members.  The State Department and/or the Department of Homeland Security determined that class members were admissible and were not a threat to the national security.

35.     Upon landing at DFW Airport, Respondents detained class members pursuant to the President's January 27, 2017 executive order.  Upon information and belief, Respondents denied class members an opportunity to speak with their lawyers.

36.     Upon information and belief, Respondents then proceeded to coerce class members to withdraw their applications for admission.

37.     Class members do not speak English fluently, are not lawyers, and are not familiar with United States laws.

38.     Upon information and belief, Respondents intend to remove class members notwithstanding the nationwide stay issued in *Darweesh and Alshawi v. Trump et. al.*, Cause No. 17 Civ. 480 (AMD) in the U.S. District Court for the Eastern District of New York on January 28, 2017, relying upon the illegal waivers obtained from class members.

39.     Respondents' decisions to detain class members are not legally justifiable and are capricious and arbitrary.  There is no better time for the Court to consider the merits of the class members' request for release.

## CLAIMS FOR RELIEF

### COUNT ONE
### CONSTITUTIONAL CLAIM--DUE PROCESS

40.     Petitioner alleges and incorporates by reference paragraphs 1 through 39 above.

41.     Petitioner's and the class members' detention violates her right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

## COUNT TWO
## FIRST AMENDMENT--ESTABLISHMENT CLAUSE

42.     Petitioner alleges and incorporates by reference paragraphs 1 through 39 above.

43.     The EO exhibits hostility to a specific religious faith, Islam, and gives preference to other religious faiths, principally Christianity.  The EO therefore violates the Establishment Clause of the First Amendment by not pursuing a course of neutrality with regard to different religious faiths.

## COUNT THREE
## FIFTH AMENDMENT--EQUAL PROTECTION

44.     Petitioner alleges and incorporates by reference paragraphs 1 through 39 above.

45.     The EO discriminates against Petitioner and the class on the basis of their country of origin and religion, without sufficient justification, and therefore violates the equal protection component of the Due Process Clause of the Fifth Amendment.

46.     Additionally, the EO was substantially motivated by animus toward—and has a disparate effect on—Muslims, which also violates the equal protection component of the Due Process Clause of the Fifth Amendment.

47.     Respondents have demonstrated an intent to discriminate against Petitioner and the class members on the basis of religion through repeated public statements that make clear the EO was designed to prohibit the entry of Muslims to the United States. *See* Michael D. Shear & Helene Cooper, *Trump Bars Refugees and Citizens of 7 Muslim Countries,* N.Y. Times (Jan. 27, 2017), ("[President Trump] ordered that Christians and others from minority religions be granted priority over Muslims."); Carol Morello, *Trump Signs Order Temporarily Halting Admission of Refugees, Promises Priority for Christians*, Wash. Post (Jan. 27, 2017).

48.     Applying a general law in a fashion that discriminates on the basis of religion in this way violates Petitioner's and class members' right to equal protection under the Fifth Amendment Due Process Clause.   Petitioner and the class satisfy the Supreme Court's test to determine whether a facially neutral law – in the case, the EO and federal immigration law – has been applied in a discriminatory fashion. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-7 (1977).

49.     Here, President Donald Trump and senior staff have made clear that EO will be applied to primarily exclude individuals on the basis of their national origin and being Muslim. *See*, *e.g.*, Donald J. Trump, *Donald J. Trump Statement On Preventing Muslim Immigration*, (Dec. 7, 2015),   https://www.donaldjtrump.com/press-releases/donald-j.-trump-statement-on-preventing-muslim-immigration ("Donald J. Trump is calling for a total and complete shutdown of Muslims entering the United States until our country's representatives can figure out what is going on."); Abby Phillip and Abigail Hauslohner, *Trump on the Future of Proposed Muslim Ban, Registry: 'You know my plans'*, Wash. Post (Dec. 22, 2016). Further, the President has promised that preferential treatment will be given to Christians, unequivocally demonstrating the special preferences and discriminatory impact that the EO has upon Petitioner. *See supra*.

50.     Thus, Respondents have applied the EO with forbidden animus and discriminatory intent in violation of the equal protection of the Fifth Amendment and violated Petitioner's and the class members' equal protection rights.

## COUNT FOUR
## ADMINISTRATIVE PROCEDURE ACT

51.     Petitioner alleges and incorporates by reference paragraphs 1 through 27 above.

52.     Respondents detained and mistreated Petitioner and class members solely pursuant to an executive order issued on January 27, 2017, which expressly discriminates against Petitioner and

the class on the basis of her country of origin and was substantially motivated by animus toward Muslims.

53.     The EO exhibits hostility to a specific religious faith, Islam, and gives preference to other religious faiths, principally Christianity.

54.     The INA forbids discrimination in issuance of visas based on a person's race, nationality, place of birth, or place of residence. 8 U.S.C. § 1152(a)(1)(A).

55.     Respondents' actions in detaining and mistreating Petitioner and class members were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of APA § 706(2)(A); contrary to constitutional right, power, privilege, or immunity, in violation of APA § 706(2)(B); in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in violation of APA § 706(2)(C); and without observance of procedure required by law,  in violation of § 706(2)(D).

## COUNT FIVE
## RELIGIOUS FREEDOM RESTORATION ACT

56.     Petitioner alleges and incorporates by reference paragraphs 1 through 27 above.

57.     The EO will have the effect of imposing a special disability on the basis of religious views or religious status, by withdrawing an important immigration benefit principally from Muslims on account of their religion. In doing so, the EO places a substantial burden on Petitioner's and class members' exercise of religion in a way that is not the least restrictive means of furthering a compelling governmental interest.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1.  Assume jurisdiction over this matter;

2.  Issue an order directing Respondents to show cause why the writ should not be

granted;

3. Issue an order certifying a class of immigrant and nonimmigrant visa holders detained at DFW Airport pursuant to the President's January 27, 2017 executive order and who were coerced into withdrawing their applications for admission and other rights;

4. Issue an injunction ordering Respondents not to detain Petitioner on the basis of the EO;

5. Issue a writ of habeas corpus ordering Respondents to release Ms. Hassanpour;

6. Award Petitioner reasonable costs and attorney's fees; and,

7. Grant any other relief which this Court deems just and proper.

Respectfully submitted,

JAVIER N. MALDONADO
LAW OFFICE OF JAVIER N. MALDONADO, PC
8918 Tesoro Dr., Ste. 575
San Antonio, Texas 78217
Tel.: 210-277-1603
Fax: 210-587-4001
Email:  jmaldonado.law@gmail.com

SEJAL R. ZOTA
NATIONAL IMMIGRATION PROJECT OF THE
  NATIONAL LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, Massachusetts 02108
Tel.:  617-227-9727
Fax:  617-227-5497
Email:  sejal@nipnlg.org

DONALD E. ULOTH
18208 Preston Rd. Suite D-9 # 261
Dallas, TX 75252
Tel.: (214) 725-0260
Fax: (866) 462-6179
Email: don.uloth@uloth.pro

**ATTORNEYS FOR PETITIONERS**

By: ___/s/ Javier N. Maldonado___
     Javier N. Maldonado
     Texas State Bar No. 00794216

By: ___/s/ Seja R. Zota___
     Sejal R. Zota
     North Carolina State Bar No. 36535

By: ___/s/ Donald E. Uloth___
     Donald E. Uloth
     Texas State Bar No. 20374200