UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAHIN HASSANPOUR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No.  3:17-cv-270 |
| | § | |
| DONALD TRUMP, President of the | § | |
| United States; U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY ("DHS"); | § | |
| U.S. CUSTOMS AND BORDER | § | |
| PROTECTION ("CBP"); JOHN KELLY, | § | |
| Secretary of DHS; KEVIN K. | § | |
| MCALEENAN, Acting Commissioner of | § | |
| CBP; and CLEATUS P. HUNT, JR., | § | |
| Dallas/Ft. Worth International Airport | § | |
| Port Director, CBP, | § | |
| | § | |
| Respondents. | § | |

**PETITIONER'S EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION;
<u>DEPORTATION FLIGHT SCHEDULED FOR 11:00AM TODAY</u>**

Petitioner, by and through counsel, submits this **Emergency Motion for a Temporary Restraining Order and Preliminary Injunction**, pursuant to Federal Rule of Civil Procedure 65(a) and (b).  Petitioner tried to file a habeas petition last night, but the ECF site was down. She was able to file a habeas petition at 7:20 this morning. She and others similarly situated immigrant and nonimmigrant visa holders who are detained by Respondents at the Dallas/Ft. Worth International Airport ("DFW") pursuant to the President's January 27, 2017 executive order were coerced into withdrawing their applications for admissions.  Although a federal court has enjoined Respondents from removing Petitioner and class members, Petitioner is concerned that Respondents will disregard the nationwide stay on the ground that Petitioner and class

1

members involuntarily withdrew their applications for admission and waived their statutory and constitutional rights. Upon information and belief, Petitioner is scheduled to be deported on a flight at 11AM this morning. **She seeks an emergency stay of removal.**

In support of their motion, Petitioner and others similarly situated would show the following:

1. Petitioner Shahin Hassanpour is a 70 year-old Iranian national who landed in the Dallas/Ft. Worth International Airport ("DFW") on or about January 28, 2017. In September 2016, the United States Department of State (DOS) approved Ms. Hassanpour's application for an immigrant visa to come and live in the United States with her United States citizen son, who petitioned for her visa. Prior to the issuance of her visa, the DOS reviewed Ms. Hassanpour's criminal and immigration background and found her eligible for an immigrant visa.

2. On or about January 27, 2017, Ms. Hassanpour departed from Esfahan on Emirates Airlines.

3. On or about January 28, 2017, Ms. Hassanpour landed at DFW Airport.

4. Pursuant to the January 27, 2017 executive order, Respondents are not allowing Ms. Hassanpour to exit DFW Airport.

5. Respondents are not permitting Ms. Hassanpour to meet with her attorneys who are in Dallas or her United States citizen son was at the DFW Airport.

6. Ms. Hassanpour is an elderly woman who must take cancer and heart medication on a regular basis. The long flight, the stress of detention, and the lack of her medication present unnecessary health risks to Ms. Hassanpour.

7. Upon information and belief, Respondents coerced Ms. Hassanpour to withdraw her application for admission. Respondents told Ms. Hassanpour that she would be permanently

banned from the United States and sent to jail if she did not sign the form withdrawing her admission. Respondents did not translate or interpret the waiver form. Ms. Hassanpour, however, does not speak English, has no knowledge of United States laws, and was denied the opportunity to communicate with her attorneys.

8.   Ms. Hassanpour has valid documents to enter the United States. She was previously interviewed and investigated by the State Department. The State Department and the U.S. Citizenship and Immigration Services previously determined that Ms. Hassanpour was not a national security risk. Respondents are detaining Ms. Hassanpour solely because of her national origin and her religion as required by the January 27, 2017 executive order.

9.   Upon information and belief, Respondents intend to remove her and others and other similarly situated immigrant and nonimmigrant visa holders from Iran, Iraq, Syria, Yemen, Somalia, Sudan or Libya landed in the United States at the DFW Airport and presented themselves for inspection and admission, notwithstanding the nationwide stay issued in *Darweesh and Alshawi v. Trump et. al.*, Cause No. 17 Civ. 480 (AMD) in the U.S. District Court for the Eastern District of New York on January 28, 2017, relying upon the illegal waivers obtained from class members.

10.   Because the executive order is unlawful as applied to Ms. Hassanpour and class members, their continued detention and the denial of admission based solely on the executive order violates their Fifth Amendment procedural and substantive due process, violates the First Amendment Establishment Clause, is ultra vires under the immigration statutes, and violates the Administrative Procedure Act and Religious Freedom Restoration Act. *See* Petitioner's Habeas Petition, ¶¶ 40 – 57. Further, Ms. Hassanpour's and class members continued unlawful detention is part of a widespread policy, pattern and practice applied to many refugees and arriving

noncitizens detained after the issuance of the January 27, 2017 executive order. Therefore, on behalf of herself and a class of similarly situated immigrant and nonimmigrant holders, Ms. Hassanpour respectfully applies to this Court for a stay of removal.

11. As indicated by the nationwide stay issued in *Darweesh and Alshawi v. Trump et. al.*, Cause No. 17 Civ. 480 (AMD) in the U.S. District Court for the Eastern District of New York on January 28, 2017, Petitioner has a strong likelihood of success in establishing that the removal of Petitioner and others similarly situated violates their rights to Due Process and Equal Protection guaranteed by the U.S. Constitution.

12. As indicated by the nationwide stay, there is imminent danger that, absent the stay of removal, there will be substantial and irreparable injury to Petitioner and others similarly situated.

13. As indicated by the nationwide stay, the issuance of the stay of removal will not injure the other parties interested in the proceeding.

14. A preliminary injunction is appropriate if the potential harm to the plaintiff outweighs the cost of the injunction, and the injunction "does not disserve the public interest." *Jackson Women's Health Org. Ctr.*, 760 F.3d 448, 452 (5th Cir. 2014). In this case, the potential harm to the Petitioner is clearly outweighed by any harm to the defendants.

## Conclusion

15. Petitioner and others similarly situated face imminent removal in a few hours. The United States District Court in *Hameed Khalid Darweesh and Haider Sameer Abdulkhaleq Alshawi v. Donald Trump, et. al.*, Case No. 17 Civ. 480, has determined that Petitioner and class members have a strong likelihood of success in the litigation, that there is imminent danger that, absent a stay of removal, there will be substantial and irreparable injury to Petitioner and class members

Therefore, , the Court should grant her Motion for a Temporary Preliminary Injunction.

### Emergency Hearing

16. Petitioner considers that the facts and law in this matter permit resolution of the Petition without an evidentiary hearing. In the alternative, Petitioner asks for an emergency hearing this morning to have her arguments heard.

**Prayer**

WHEREFORE, premises considered, Petitioner respectfully ask this court to GRANT her **Motion for a Temporary Preliminary Injunction** and to issue a preliminary injunction ordering Defendants to:

1. Stay her removal which would be contrary to law;

2. Grant any other and further relief that this Court may deem fit and proper.

Petitioner further requests that they be awarded reasonable attorney's fees and costs associated with the litigation of this motion.

Respectfully submitted,

JAVIER N. MALDONADO
LAW OFFICE OF JAVIER N. MALDONADO, PC
8918 Tesoro Dr., Ste. 575
San Antonio, Texas 78217
Tel.: 210-277-1603
Fax: 210-587-4001
Email: jmaldonado.law@gmail.com

SEJAL R. ZOTA
NATIONAL IMMIGRATION PROJECT OF THE
  NATIONAL LAWYERS GUILD
14 Beacon Street, Suite 602
Boston, Massachusetts 02108
Tel.: 617-227-9727

Fax: 617-227-5497
Email: sejal@nipnlg.org


VINESH PATEL
2730 N. Stemmons Freeway, Ste. 1103
Dallas, TX 75207
Tel.: (972) 310-3835
Fax: (214) 960-4151
Email: vinesh@vpatellaw.com


DONALD E. ULOTH
18208 Preston Rd. Suite D-9 # 261
Dallas, TX 75252
Tel.: (214) 725-0260
Fax: (866) 462-6179
Email: don.uloth@uloth.pro


**ATTORNEYS FOR PETITIONERS**


By:   /s/ Javier N. Maldonado
      Javier N. Maldonado
      Texas State Bar No. 00794216

By:   /s/ Seja R. Zota
      Sejal R. Zota
      North Carolina State Bar No. 36535

By:   /s/ Vinesh Patel
      Vinesh Patel
      Texas State Bar No. 24068668

By:   /s/ Donald E. Uloth
      Donald E. Uloth
      Texas State Bar No. 20374200